UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
CONSTANTINE MARICOSTAS, :
:
            Plaintiff, :      CIVIL ACTION NO. _____
:
-- against -- :
:
TELEPATH NETWORKS, INC. :
:      **DEMAND FOR TRIAL BY JURY**
            Defendants. :
:
------------------------------------------------------------x

## COMPLAINT

Plaintiff Constantine MARICOSTAS ("Maricostas" or "Plaintiff"), through his attorneys, KELLEY, DRYE & WARREN LLP, bring this action against defendant Telepath Networks, Inc. ("TELEPATH" or "Defendant") and alleges as follows:

### THE PARTIES

1. Plaintiff MARICOSTAS is an individual who at all times herein relevant has a residence at 46 Sail Harbour Drive, New Fairfield, CT 06812 and has his primary residence at 5509 Pennock Point Road, Jupiter, FL 33458. MARICOSTAS is the Chairman and CEO of Photronics, Inc. ("Photronics"), a publicly traded industry leader in the design, development and production of reticles and photo-masks for semiconductor and micro-electronic applications, which company is headquartered in Brookfield, Connecticut.

2. Defendant TELEPATH is a corporation organized under the laws of Virginia with its principal place of business at 8180 Greensboro Drive, Suite 775, McLean, Virginia 22102.

1

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over TELEPATH pursuant to CONN. GEN. STAT. § 33-929(f)(1) and (4) because Defendant entered into the contract that is the subject of this action in Connecticut and, upon information and belief, committed tortious acts in Connecticut.

4. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000 and there is complete diversity of citizenship. MARICOSTAS is a resident of Connecticut and Florida. TELEPATH is domiciled in the Commonwealth of Virginia.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1)-(2).

## FIRST COUNT (BREACH OF CONTRACT)

6. In the late Summer of 2007, MARICOSTAS entered into an agreement with TELEPATH (the "Subscription Agreement") to purchase 200,000 shares of TELEPATH Class B Common Stock (the "Class B Shares") for $3.00 per share, resulting in a total purchase price of $600,000.

7. As provided for in the Subscription Agreement, TELEPATH promised MARICOSTAS that he would have an option to exchange his Class B Shares if TELEPATH later entered into a mezzanine financing that involved either (i) a lower price per share (*i.e.*, lower than the $3.00 per share price paid by MARICOSTAS); or, (ii) additional attributes different than those provided by the Class B Shares.

8. As provided for in the Subscription Agreement, TELEPATH promised MARICOSTAS that in the event of a mezzanine financing (as described above) that MARICOSTAS could elect, at his option, to receive either: (i) a cash refund to make the price of

his Class B shares the same as under the mezzanine financing; or, (ii) such additional shares of Telepath Stock to the extent necessary to make the price of his Class B shares the same (sometimes referred to as the "Mezzanine Option").

9. In October 2010, MARICOSTAS learned that TELEPATH was close to concluding a mezzanine financing with certain investors within the scope of MARICOSTAS's Mezzanine Option under the Subscription Agreement (hereinafter sometimes referred to as the "Mezzanine Financing"). As such, MARICOSTAS advised TELEPATH that he intended to exercise his Mezzanine Option under the Subscription Agreement.

10. On or about October 7, 2010, TELEPATH advised MARICOSTAS that TELEPATH did not recognize his claimed right to exercise the Mezzanine Option under the Subscription Agreement, which communication constitutes an anticipatory breach of TELEPATH's contractual obligations to MARICOSTAS under the Subscription Agreement.

11. MARICOSTAS has been damaged as a result of TELEPATH'S breach of the Subscription Agreement by failing to honor MACRICOSTAS' right to convert the Class B Shares into securities of TELEPATH issued in October 2010 with additional favorable attributes, such attributes including, without limitation: (i) collateral, (ii) fixed interest at seven percent per annum and (iii) accompanying warrants to purchase common stock of TELEPATH at an exercise price of $1.00

12. By virtue of all the foregoing, MARICOSTAS seeks compensatory damages and/or specific performance of TELEPATH'S obligation to permit MARICOSTAS to exercise his Mezzanine Option under the Subscription Agreement or, alternatively, rescission of the Subscription Agreement.

## SECOND COUNT – DECLARATORY JUDGMENT

13. MARICOSTAS repeats and realleges paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. TELEPATH'S anticipatory repudiation of MARICOSTAS's Mezzanine Option under the Subscription Agreement has created an actual case and controversy resulting in uncertainty among the parties as to their respective legal rights and obligations under the Subscription Agreement.

15. MARICOSTAS respectfully moves this Court to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* declaring that TELEPATH is contractually bound to permit MARICOSTAS to exercise his Mezzanine Option (as described herein) under the Subscription Agreement.

## THIRD COUNT – FRAUDULENT INDUCEMENT/MISREPRESENTATION

16. MARICOSTAS repeats and realleges paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Upon information and belief, it now appears as though TELEPATH did not intend to ever permit MARICOSTAS to exercise the Mezzanine Option that TELEPATH had promised MARICOSTAS under the terms of his Subscription Agreement in order to induce MARICOSTAS to purchase the Class B Shares in the first place.

18. TELEPATH's promise to afford MARICOSTAS the right to exercise the Mezzanine Option was, upon information and belief, false and fraudulent when made and MARICOSTAS was reasonably induced to enter into the Subscription Agreement in reliance on TELEPATH'S false promise.

19. Despite the exercise of reasonable diligence, MARICOSTAS was not aware of or able to reasonably suspect the likelihood that TELEPATH had made a false promise to MARICOSTAS in the Subscription Agreement until TELEPATH purported to deny MARICOSTAS's right to exercise his Mezzanine Option in October 2010.

20. MARICOSTAS has been damaged as a result of TELEPATH's above described acts of fraudulent inducement and seeks damages (including any reasonable attorneys fees and/or punitive damages allowed under applicable law) and/or rescission of the Subscription Agreement.

## COUNT FOUR - CONNECTICUT UNIFORM SECURITIES ACT

21. MARICOSTAS repeats and realleges paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. By virtue of all the foregoing, and upon information and belief, TELEPATH offered and sold the Class B shares to MARICOSTAS by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

23. Upon information and belief, TELEPATH knew or reasonably should have known in the exercise of reasonable care that its promise in the Subscription Agreement to permit MARICOSTAS to exercise the Mezzanine Option was false in that it now appears that TELEPATH did not intend to keep its promise to MARICOSTAS at the time it was made.

24. MARICOSTAS was unaware at the time that he entered into the Subscription Agreement and paid for the Class B stock without any knowledge or reason to suspect that TELEPATH did not intend to perform its promise to permit MARICOSTAS to exercise his Mezzanine Option.

25. By virtue of all the foregoing, TELEPATH has violated Section 36b-29(a)(2) of the Connecticut Uniform Securities Act (CUSA), CONN. GEN. STAT. § 36b-29 in connection with MARICOSTAS's purchase of the Class B Shares and entry into the Subscription Agreement.

26. Accordingly, MARICOSTAS seeks to recover the $600,000 consideration he paid for the Class B Shares, together with interest at eight per cent (8%) per year from the date of payment, as well as MARICOSTAS's costs and reasonable attorneys' fees, less the amount of any income received on the security and, consistent with all the foregoing, MARICOSTAS hereby tenders the Class B Shares back to TELEPATH pursuant to CONN. GEN. STAT. § 36b-29(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARICOSTAS requests entry of judgment in his favor and against Defendant as follows:

1. Compensatory and punitive damages (as applicable) in an amount to be proven at trial.

2. Rescission of the Subscription Agreement and statutory damages pursuant to CONN. GEN. STAT. § 36b-29(a)(2) of the Connecticut Uniform Security Act.

3. Pre-judgment interest and post-judgment interest at ten percent (10%) *per annum*.

4. Offer of judgment interest of an additional eight percent (8%) *per annum* pursuant to CONN. GEN. STAT. § 52-192a.

5. Plaintiff's reasonable attorneys fees, costs and disbursements as might be allowed under applicable law.

6. Such other, further and different relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiffs demand a jury trial on all issues so triable.

Dated: October 26, 2010

THE PLAINTIFF
CONSTANTINE MARICOSTAS

By: _____
James E. Nealon (ct08161)
KELLEY DRYE & WARREN LLP
400 Atlantic Avenue
Stamford, Connecticut 06901
Phone: (203) 351-8013
Fax: (203) 327-2669
jnealon@kelleydrye.com